ORIGINAL

# In the United States Court of Federal Claims

FILED

NOV - 4 2015

U.S. COURT OF
FEDERAL CLAIMS

No. 15-1110C
(Filed: November 4, 2015)
**\*\*NOT FOR PUBLICATION\*\***

| | | |
|---|---|---|
| SUSAN FLANDER, | ) ) ) | Pro Se; Sua Sponte Dismissal; Failure to Establish Jurisdiction; Review of Other Federal Courts; Defendant other than the United States |
| *Pro Se* Plaintiff, | ) ) ) | |
| v. | ) ) | |
| THE UNITED STATES, DEPARTMENT OF PUBLIC SAFETY, et al. | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER OF DISMISSAL

Plaintiff Susan Flander has filed this pro se complaint in the above-captioned case requesting a "civil remedy on the RICO claim that was filed on November 15, 2013" in the United States District Court for the Northern District of Texas. Compl. 2; see Flander v. Dep't of Pub. Safety, Civ. No. 13-4576-B, 2014 WL 238652 (N.D. Tex. Jan. 22, 2014) (dismissing the November 15, 2013 complaint for lack of subject-matter jurisdiction). Ms. Flander states that she is seeking "relief" in this court from the district court's finding that it lacked subject-matter jurisdiction. Id. In both this complaint and the complaint filed in the Texas district court, Ms. Flander alleges that the Texas Department of Public Safety committed fraud and "identification theft." Id. As far as the court can tell, the alleged fraud arose from the wrongful suspension of Ms. Flander's driver's license and the issuance of a new identification card with information that did not match her social security card.

Under Rule of the Court of Federal Claims 12(h)(3), the court must dismiss a complaint if it "determines at any time that it lacks subject-matter jurisdiction." The court finds that it clearly lacks jurisdiction over Ms. Flander's complaint for two reasons.

First, Ms. Flander's complaint asks this court to review the decision of another federal court, which this court cannot do. Smith v. United States, 36 F. App'x 444, 446

(Fed. Cir. 2002) (quoting Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) (finding that the "Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."). This court therefore cannot, as Ms. Flander asks, grant a "civil remedy" in her case before the Texas district court, see Compl. 2.

Second, Ms. Flander's complaint does not name the United States as a defendant. Instead, Ms. Flander purports to bring her suit against the Texas Department of Public Safety, the Municipal Services Bureau of the Office of the Texas Attorney General, and the Mesquite Police Department. Compl. 1. The Tucker Act grants this court jurisdiction to over certain categories of "claim[s] against the United States . . . ." 28 U.S.C. § 1491(a)(1) (emphasis added). This court therefore "'does not have jurisdiction over claims against any party other than the United States.'" Upshaw v. United States, 599 F. App'x 387, 388 (Fed. Cir. 2015) (quoting Trevino v. United States, 557 Fed. App'x. 995, 998 (Fed. Cir. 2014)).

Consequently, even under the less stringent pleading standards applicable to pro se litigants, Ms. Flander has failed to establish jurisdiction. See Wilson v. United States, 404 F. App'x 499, 500 (Fed. Cir. 2010) (["L]enient pleading standards cannot forgive a failure to state a claim that falls within the court's jurisdiction." (citing Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995)). Plaintiff's complaint is therefore **DISMISSED**.[1] The Clerk is directed to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge

---

[1] Because Ms. Flander's complaint has been dismissed, her motion for electronic filing access, ECF No. 4, is **DENIED** as moot.