**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1110C
(Filed: December 2, 2015)
**\*\*NOT FOR PUBLICATION\*\***

**FILED**

**DEC - 2 2015**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| SUSAN FLANDER, ) <br> ) <br>       *Pro Se* Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> DEPARTMENT OF PUBLIC ) <br> SAFETY, et al. ) <br>       Defendants. ) <br> ) | Pro Se; Denial of Motion for Reconsideration; Denial of Motion to Amend Complaint; Lack of Subject-Matter Jurisdiction |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the court is pro se plaintiff Susan Flander's motion for reconsideration of this court's sua sponte dismissal of her complaint and request for leave to amend the complaint. For the reasons stated below Ms. Flander's motion is **DENIED**.

Ms. Flander's original complaint concerned alleged identity theft by the Texas Department of Public Safety ("DPS"). She requested a "civil remedy on the RICO claim that was filed on November 15, 2013" in the United States District Court for the Northern District of Texas. Compl. 2. The district court dismissed Ms. Flander's complaint for lack of subject-matter jurisdiction, finding that the federal criminal identification theft statute, 10 U.S.C. § 1028, did not give Ms. Flander a private right of action against DPS. See Flander v. Dep't of Pub. Safety, Civ. No. 13-4576-B, 2014 WL 238652 (N.D. Tex. Jan. 22, 2014). In her purported amended complaint in this court, plaintiff again names Texas state agencies as defendants, though she appears to have added the United States as an additional defendant.[1] Plaintiff asserts that this court has jurisdiction under the Tucker Act, 28 U.S.C. § 1331, and again alleges a violation of "the RICO statute" and 18 U.S.C. § 1028. See Am. Compl. 3-4

On November 4, 2015, pursuant to Rule of the Court of Federal Claims ("RCFC") 12(h)(3), this court sua sponte dismissed Ms. Flander's complaint on two grounds. First,

---

[1] The amended complaint does not state what injury the United States has caused her, and only addresses the actions of DPS and the district court.

adjudicating Ms. Flander's complaint, which requested "relief" from the district court's ruling, would require this court to improperly review the decision of another federal court. See Smith v. United States, 36 F. App'x 444, 446 (Fed. Cir. 2002) (finding that the "Court of Federal Claims does not have jurisdiction to review the decisions of district courts" (citation omitted)). Second, the complaint named various Texas state agencies and officials, not the United States, as defendants. See Upshaw v. United States, 599 F. App'x 387, 388 (Fed. Cir. 2015) (finding this court "'does not have jurisdiction over claims against any party other than the United States.'" (quoting Trevino v. United States, 557 F. App'x. 995, 998 (Fed. Cir. 2014)).

Even under the most liberal construction of Ms. Flander's motion and purported amended complaint, Ms. Flander has failed to meet the standard for a motion for reconsideration or to amend her complaint. To prevail on a motion for reconsideration, a plaintiff must demonstrate "exceptional circumstances which justify relief based on a manifest error of law or mistake of fact." CANVS Corp. v. United States, 110 Fed. Cl. 19, 25 (2013) (quoting Henderson Cty. Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003)). Accordingly, "[a] party, even a pro se party, cannot prevail on a motion for reconsideration by raising an issue that was litigated, or could have been litigated at the time the complaint was filed." Griffin v. United States, 96 Fed. Cl. 1, 9 (2010) (quoting Matthews v. United States, 73 Fed. Cl. 524, 525-26 (2006)).

Further, because the court would be required to dismiss Ms. Flander's purported amended complaint, her request to amend is futile. See Klamath Claims Comm. v. United States, 541 F. App'x 974, 979 (Fed. Cir. 2013) (finding denial of a post-dismissal motion to amend a complaint was proper when the amendment would have been futile). The amended complaint does not cure the issues that led the court to find it lacked jurisdiction over the original complaint. In addition, the amended complaint is not founded on a money-mandating statute or regulation. See Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1308 (Fed. Cir. 2008). The Federal Circuit has found that the United States cannot be liable for damages under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961. Wolf v. United States, 127 F. App'x 499, 501 (Fed. Cir. 2005). Nor can alleged identity theft under 18 U.S.C. § 1028 form the basis of Ms. Flander's complaint. This court "'has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.'" Taylor v. United States, 616 F. App'x 423, 424 (Fed. Cir. 2015) (quoting Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994)).

Accordingly, plaintiff's motion for reconsideration and to amend her complaint is **DENIED**.

**IT IS SO ORDERED.**

NANCY B. FIRESTONE
Judge